NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

v.

DAVID DADAH,
*Appellant*.

No. 1 CA-CR 20-0455
FILED 11-18-2021

Appeal from the Superior Court in Maricopa County
No. CR2018-125929-001
The Honorable Stephen M. Hopkins, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Jennifer B. Campbell joined.

---

**M O R S E**, Judge:

¶1            David Dadah appeals his convictions and sentences for aggravated assault and resisting arrest.  Counsel for Dadah filed a brief stating he could find "no arguable question of law that is not frivolous." Further, citing *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), counsel requests we review the record for fundamental error.  We gave Dadah the opportunity, but he did not file a pro per supplemental brief.  After reviewing the entire record, we find no fundamental error and affirm Dadah's convictions and sentences.

### FACTS AND PROCEDURAL BACKGROUND

¶2            In May 2018, an officer stopped Dadah in his car after determining his license plates were not valid for highway use.[1]  The officer then discovered Dadah's driver's license was suspended, and advised Dadah that he needed to find a ride because the officer was required by law to impound his vehicle.  Dadah refused the officer's commands to get out of the car, and the officer called for additional police assistance.

¶3            A second officer arrived and advised Dadah that he would physically remove him from the car if necessary.  Dadah continued to refuse, and the officers unsuccessfully attempted to remove Dadah from the vehicle.  Dadah eventually got out of the car but struggled when told to place his arms behind his back.  In the ensuing melee, Dadah and the second officer both fell to the ground, breaking several bones in the officer's leg. The second officer tried to deploy his TASER but Dadah swatted the wires away.  Dadah then grabbed the second officer's wrist and grasped the top of the TASER.  Eventually, the first officer handcuffed Dadah.

---

[1]      "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996).

**¶4**         Dadah was indicted on four felony counts of aggravated assault and one felony count of resisting arrest. He was tried in February 2020. Various officers testified. The defense elected not to present evidence and Dadah did not testify. The jury convicted Dadah on all counts.

**¶5**         The State requested that Dadah be placed on supervised probation for three years, serve 90 days in jail, and perform 100 hours of community restitution. The court placed Dadah on three years of supervised probation, imposed a 90-day deferred jail term, and ordered Dadah to perform 200 hours of community restitution.

**¶6**         Dadah timely appealed. We have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶7**         Because this is an *Anders* appeal, we review the entire record for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Fundamental error is (1) prejudicial error that goes to the foundation of the case, (2) prejudicial error that takes a right essential to the defense, or (3) error that is so egregious that the defendant could not have received a fair trial. *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018).

**¶8**         Our review of the record reveals no fundamental error. Dadah was represented by counsel at all stages of the proceedings. The jury was properly composed of eight jurors. *See* A.R.S. § 21-102(B). The trial court properly instructed the jury on the presumption of innocence, the burden of proof, the elements of the charges against Dadah, and the necessity of a unanimous verdict. There was sufficient evidence to support the convictions. The court received a presentence report, Dadah was given an opportunity to speak at sentencing, and the probationary term was authorized by statute. *See* Ariz. R. Crim. P. 26.4, 26.10(b)(1); A.R.S. § 13-902(A).

## CONCLUSION

**¶9**        We affirm Dadah's convictions and sentences.  Defense counsel shall inform Dadah of the status of the appeal and his future options.  Defense counsel has no further obligations unless he finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  Dadah shall have thirty days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA

4